FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 04, 2021

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TIMOTHY, C.,[1] | No. 4:20-cv-05159-MKD |
| Plaintiff, | |
| vs. | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[2] | |
| Defendant. | ECF Nos. 17, 18 |

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER - 1

Before the Court are the parties' cross-motions for summary judgment.  ECF Nos. 17, 18.  The parties consented to proceed before a magistrate judge.  ECF No. 7.  The Court, having reviewed the administrative record and the parties' briefing, is fully informed.  For the reasons discussed below, the Court grants Plaintiff's motion, ECF No. 17, and denies Defendant's motion, ECF No. 18.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

ORDER - 2

1        In reviewing a denial of benefits, a district court may not substitute its

2  judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152,

3  1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

4  rational interpretation, [the court] must uphold the ALJ's findings if they are

5  supported by inferences reasonably drawn from the record."  *Molina v. Astrue,* 674

6  F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an

7  ALJ's decision on account of an error that is harmless."  *Id*.  An error is harmless

8  "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

9  *Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's

10  decision generally bears the burden of establishing that it was harmed.  *Shinseki v.*

11  *Sanders*, 556 U.S. 396, 409-10 (2009).

12                      **FIVE-STEP EVALUATION PROCESS**

13        A claimant must satisfy two conditions to be considered "disabled" within

14  the meaning of the Social Security Act.  First, the claimant must be "unable to

15  engage in any substantial gainful activity by reason of any medically determinable

16  physical or mental impairment which can be expected to result in death or which

17  has lasted or can be expected to last for a continuous period of not less than twelve

18  months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be

19  "of such severity that he is not only unable to do his previous work[,] but cannot,

20  considering his age, education, and work experience, engage in any other kind of

ORDER - 3

substantial gainful work which exists in the national economy."  42 U.S.C. §

1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to

determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §

416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work

activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial

gainful activity," the Commissioner must find that the claimant is not disabled.  20

C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis

proceeds to step two.  At this step, the Commissioner considers the severity of the

claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from

"any impairment or combination of impairments which significantly limits [his or

her] physical or mental ability to do basic work activities," the analysis proceeds to

step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy

this severity threshold, however, the Commissioner must find that the claimant is

not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to

severe impairments recognized by the Commissioner to be so severe as to preclude

a person from engaging in substantial gainful activity.  20 C.F.R. §

416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the

ORDER - 4

1    enumerated impairments, the Commissioner must find the claimant disabled and

2    award benefits.  20 C.F.R. § 416.920(d).

3         If the severity of the claimant's impairment does not meet or exceed the

4    severity of the enumerated impairments, the Commissioner must pause to assess

5    the claimant's "residual functional capacity."  Residual functional capacity (RFC),

6    defined generally as the claimant's ability to perform physical and mental work

7    activities on a sustained basis despite his or her limitations, 20 C.F.R. §

8    416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

9         At step four, the Commissioner considers whether, in view of the claimant's

10   RFC, the claimant is capable of performing work that he or she has performed in

11   the past (past relevant work).  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is

12   capable of performing past relevant work, the Commissioner must find that the

13   claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of

14   performing such work, the analysis proceeds to step five.

15        At step five, the Commissioner considers whether, in view of the claimant's

16   RFC, the claimant is capable of performing other work in the national economy.

17   20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner

18   must also consider vocational factors such as the claimant's age, education and

19   past work experience.  *Id.*  If the claimant is capable of adjusting to other work, the

20   Commissioner must find that the claimant is not disabled.  20 C.F.R. §

ORDER - 5

416.920(g)(1).  If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On February 15, 2017, Plaintiff applied for Title XVI supplemental security income benefits alleging a disability onset date of February 25, 2014.  Tr. 15, 68, 189-95.  The application was denied initially, and on reconsideration. Tr. 106-14, Tr. 118-24.   Plaintiff appeared before an administrative law judge (ALJ) on June 14, 2019.  Tr. 33-67.  On July 2, 2019, the ALJ denied Plaintiff's claim.  Tr. 12-32.

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since February 15, 2017.  Tr. 17.  At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine; degenerative disc disease of the

thoracic spine; left shoulder rotator cuff tear, status post arthroscopy; osteoarthritis of the left AC joint; hearing loss; and asthma.  Tr. 17.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 20.  The ALJ then concluded that Plaintiff has the RFC to perform a full range of light work with the following limitations:

> [H]e cannot climb ladders, ropes, and scaffolds; he can occasionally crawl and frequently perform all other postural activities; he can frequently push, pull, and handle and occasionally reach overhead with the left upper extremity; he can tolerate only occasional exposure to extreme cold and pulmonary irritants; he can have no exposure to vibration or hazards, such as unprotected heights and moving mechanical parts; he cannot operate a motor vehicle; he can tolerate only superficial contact with the public; and he cannot do fast-paced work (i.e., conveyor-belt or similar forced-pace work).

Tr. 21.

At step four, the ALJ found Plaintiff is unable to perform any past relevant work.  Tr. 24.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as photocopy machine operator, cheese sprayer, and folder.  Tr. 25.  Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from February 15, 2017, the date of the application, through the date of the decision.  Tr. 26.

ORDER - 7

On July 23, 2020, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income benefits under Title XVI of the Social Security Act.  Plaintiff raises the following issues for review:

1. Whether the ALJ conducted a proper step-two analysis;

2. Whether the ALJ properly evaluated the medical opinion evidence;

3. Whether the ALJ properly evaluated Plaintiff's symptom claims; and

4. Whether the ALJ conducted a proper step-five analysis.

ECF No. 17 at 3.

## DISCUSSION

**A. Step Two**

Plaintiff contends the ALJ erred at step two by failing to identify his mental health conditions as severe impairments.  ECF No. 17 at 5-10.  At step two of the sequential process, the ALJ must determine whether claimant suffers from a "severe" impairment, i.e., one that significantly limits her physical or mental ability to do basic work activities.  20 C.F.R. § 416.920(c).

ORDER - 8

To establish a severe impairment, the claimant must first demonstrate that the impairment results from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical or laboratory diagnostic techniques. 20 C.F.R. § 416.921. In other words, the claimant must establish the existence of the physical or mental impairment through objective medical evidence (*i.e.*, signs, laboratory findings, or both) from an acceptable medical source; the medical impairment cannot be established by the claimant's statement of symptoms, a diagnosis, or a medical opinion. *Id.*

An impairment may be found to be not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work…." Social Security Ruling (SSR) 85-28 at *3. Similarly, an impairment is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities; which include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; use of judgment, responding appropriately to supervision, coworkers and usual work situations; and

ORDER - 9

dealing with changes in a routine work setting.  20 C.F.R. § 416.922(a); SSR 85-28.[3]

Step two is "a de minimus screening device [used] to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).  "Thus, applying our normal standard of review to the requirements of step two, [the Court] must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [Plaintiff] did not have a medically severe impairment or combination of impairments." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

When a claimant alleges a severe mental impairment, the ALJ must follow a two-step "special technique" at steps two and three.  20 C.F.R. § 416.920a.  First, the ALJ must evaluate the claimant's "pertinent symptoms, signs, and laboratory findings to determine whether [he or she has] a medically determinable impairment."  20 C.F.R. § 416.920a(b)(1).  Second, the ALJ must assess and rate the "degree of functional limitation resulting from [the claimant's] impairments" in four broad areas of functioning: understand, remember, or apply information;

---

[3] The Supreme Court upheld the validity of the Commissioner's severity regulation, as clarified in SSR 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987).

ORDER - 10

interact with others; concentrate, persist, or maintain pace; and adapt or manage

oneself.  20 C.F.R. § 416.920a(b)(2)-(c)(4).  Functional limitation is measured as

"none, mild, moderate, marked, and extreme."  20 C.F.R. § 416.920a(c)(4).  If

limitation is found to be "none" or "mild," the impairment is generally considered

to not be severe.  20 C.F.R. § 416.920a(d)(1).  If the impairment is severe, the ALJ

proceeds to determine whether the impairment meets or is equivalent in severity to

a listed mental disorder.  20 C.F.R. § 416.920a(d)(2)-(3).

The ALJ found Plaintiff had no more than mild limitations in the four broad

areas of functioning, and thus his history of polysubstance abuse, depression, and

anxiety were not severe impairments.  Tr. 18.  However, the ALJ rejected all three

opinions related to Plaintiff's psychological limitations, all of whom found

Plaintiff had severe impairments.  Tr. 19, 23.  The ALJ found the opinions were

inconsistent with the longitudinal record, including Plaintiff's lack of mental health

treatment.  *Id.*  The ALJ did not consider how Plaintiff's poor insight into his

mental health symptoms, Tr. 1100, may have contributed to Plaintiff's lack of

mental health treatment.

In his analysis of the severity of Plaintiff's mental health impairments, the

ALJ considered the opinion of Kirsten Nestler, M.D.  Tr. 19.  Dr. Nestler

diagnosed Plaintiff with unspecified depressive disorder; unspecified anxiety

disorder; alcohol used disorder, in sustained remission per claimant report;

stimulant use disorder, methamphetamines, in sustained remission per claimant report; and unspecified psychotic disorder.  Tr. 1099.  Dr. Nestler opined that Plaintiff would have difficulty in several areas of functioning, including functioning in a competitive work environment, accepting instructions from supervisors, interacting with coworkers and the public, performing work activities on a consistent basis without special or additional instructions, maintaining regular attendance in the work place, completing a normal workday/workweek without interruptions, and dealing with the usual stress encountered in the workplace.  Tr. 1100.

The ALJ found Dr. Nestler's diagnosis of unspecified psychotic disorder lacked clarity, and found it was not a medically determinable impairment.  Tr. 19. The ALJ also found Dr. Nestler's opinion was inconsistent with the evidence and Plaintiff's lack of mental health treatment and was based on a one-time examination.  *Id.*  However, the ALJ did not discuss Dr. Nestler's opinion beyond her diagnoses.  Further, the ALJ found Dr. Nestler's diagnosis of unspecified psychotic disorder lacked clarity because she stated it was unclear whether Plaintiff's paranoid thoughts represented residual substance-induced psychosis from his history of abusing substances, or if it was a primary psychotic disorder. Tr. 1099.  However, whether the impairment is a primary psychotic disorder or a residual substance-induced psychotic disorder, both causes of the symptoms

ORDER - 12

support Dr. Nestler's diagnosis of an unspecified psychotic disorder, thus this was not a sufficient reason to reject the diagnosis.

Additionally, both State agency consultants opined Plaintiff had severe mental impairments.  Tr. 75, 94.  Dr. Robinson opined Plaintiff had multiple moderate limitations, including in his ability to interact with others and adapt or manage oneself.  Tr. 75.  Dr. Comrie also opined Plaintiff had multiple moderate limitations, including in his ability to interact with others, adapt or manage oneself, and concentrate, persist or maintain pace.  Tr. 95.  While the ALJ points to records where Plaintiff had normal findings, such as Plaintiff being cooperative and having normal memory, concentration, insight, and judgment to support his rejection of the State agency opinions, Tr. 19, the ALJ ignores evidence of Plaintiff's abnormal mental health findings.  There is evidence of Plaintiff presenting as irritable and angry, with paranoid thoughts, mild psychomotor agitation and poor eye contact, and loud, circumstantial, and excessive speech, requiring frequent redirection.  Tr. 1098-99.  Plaintiff was also observed as nervous, anxious, and depressed, and there are appointments where Plaintiff reported depression and anxiety and had a PHQ-9 score indicating moderate depression.  Tr. 376, 410, 583, 987, 1172, 1176, 1261. Plaintiff was prescribed fluoxetine for his anxiety and required an increase in his medication due to ongoing symptoms.  Tr. 1178.

ORDER - 13

1    The ALJ's step two analysis does not sufficiently set forth an analysis as to

2    why Dr. Nestler's opinion was rejected, and it lacks a discussion of any of the

3    abnormal findings in the record outside of Dr. Nestler's examination.  An ALJ

4    must consider all of the relevant evidence in the record and may not point to only

5    those portions of the records that bolster his findings.  *See, e.g., Holohan*, 246 F.3d

6    at 1207-08 (holding that an ALJ cannot selectively rely on some entries in

7    plaintiff's records while ignoring others).  The ALJ is not permitted to "cherry

8    pick" from mixed evidence to support a denial of benefits.  *Garrison v. Colvin*, 759

9    F.3d 995, 1017 n.23 (9th Cir. 2014).  Given the ALJ's failure to address the

10   entirety of Dr. Nestler's opinion, and to consider relevant evidence in the record,

11   the ALJ's step two analysis is not supported by substantial evidence.

12   Defendant argues any error at step two is harmless because the step was

13   resolved in Plaintiff's favor and the ALJ considered Plaintiff's mental impairments

14   when assessing the RFC.  ECF No. 18 at 12.  However, the ALJ did not account

15   for any mental limitations in the RFC.  Tr. 24.  While the ALJ limited Plaintiff to

16   superficial contact with the public due to "possible side effects of his narcotic

17   medication," he found no limitations due to Plaintiff's non-severe mental

18   impairments.  *Id.*  As such, the ALJ committed harmful error at step two.

19   On remand, the ALJ is instructed to reconsider whether Plaintiff's mental

20   impairments are severe at step two.  The ALJ is instructed to take testimony from

ORDER - 14

Plaintiff regarding his mental health symptoms, including why Plaintiff has not pursued ongoing mental health care, and to call a psychological expert at the hearing to help determine if Plaintiff meets or equals a listing, and if not, to assess Plaintiff's mental RFC.

**B. Medical Opinion Evidence**

Plaintiff contends the ALJ erred in his consideration of the opinion of Kirsten Nestler, M.D.; John Robinson, Ph.D.; and Matthew Comrie, Psy.D.  ECF No. 17 at 10-12.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

ORDER - 15

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

*1. Dr. Nestler*

On May 27, 2017, Dr. Nestler conducted a psychological examination and rendered an opinion on Plaintiff's functioning. Tr. 1096-1100. Dr. Nestler diagnosed Plaintiff with unspecified depressive disorder; unspecified anxiety disorder; alcohol used disorder, in sustained remission per claimant report; stimulant use disorder, methamphetamines, in sustained remission per claimant report; and unspecified psychotic disorder. Tr. 1099. Dr. Nestler opined that

1  Plaintiff would not have difficulty performing simple or detailed tasks; he

2  displayed poor interpersonal skills and would have difficulty functioning in a

3  competitive work environment; Plaintiff is not capable of managing funds in his

4  own best interest; Plaintiff would have difficulty accepting instructions from

5  supervisors and would have difficulty interacting with coworkers and the public;

6  Plaintiff would have difficulty performing work activities on a consistent basis

7  without special or additional instructions and would have difficulty maintaining

8  regular attendance in the work place; Plaintiff would have difficulty completing a

9  normal workday/workweek without interruptions; and Plaintiff would have

10 difficulty dealing with the usual stress encountered in the workplace.  Tr. 1100.

11 The ALJ gave Dr. Nestler's opinion little weight.  Tr. 19.  As Dr. Nestler's opinion

12 is contradicted by the opinions of Dr. Robinson and Dr. Comrie, Tr. 79-80, 99-101,

13 the ALJ was required to give specific and legitimate reasons, supported by

14 substantial evidence, to reject Dr. Nestler's opinion.  *See Bayliss*, 427 F.3d at 1216.

15       As the case is being remanded to reconsider the severity of Plaintiff's

16 impairments at step two, and the analysis of Dr. Nestler's opinion was incorporated

17 in the step two analysis, the ALJ is also instructed to reconsider Dr. Nestler's

18 opinion and incorporate the opinion into his findings, including the unspecified

19 psychotic disorder diagnosis, or give specific and legitimate reasons, supported by

20 substantial evidence, to reject Dr. Nestler's opinion.

ORDER - 17

1      *2. State Agency Consultants*

2      On June 14, 2017, Dr. Robinson, a reviewing psychological consultant,

3      opined that Plaintiff has mild limitations in his ability to understand, remember, or

4      apply information and his ability to concentrate, persist, or maintain pace, and

5      moderate limitations in his ability to interact with others and adapt or manage

6      oneself.  Tr. 75.  Thus, he opined Plaintiff's "depressive, bipolar and related

7      disorders" is a severe impairment.  *Id.*  He further opined that Plaintiff has

8      moderate limitations in his ability to understand/remember detailed instructions,

9      but he is capable of simple routine tasks, he would do best away from the general

10     public, and he has moderate limitations in his ability to interact with the general

11     public, accept instructions and respond appropriately to criticism from supervisors,

12     and travel to unfamiliar places or use public transportation.  Tr. 79-80.

13     On November 8, 2017, Dr. Comrie, a reviewing psychological consultant,

14     opined that Plaintiff's "depressive, bipolar and related disorders," "anxiety and

15     obsessive-compulsive disorders," "schizophrenia spectrum and other psychotic

16     disorders," and "substance addiction disorders (drugs)" are all severe impairments.

17     Tr. 94.  He opined Plaintiff has mild limitations in understanding, remembering, or

18     applying information, and moderate limitations in interacting with others, adapting

19     or managing oneself, and concentrating, persisting, or maintaining pace.  Tr. 95.

20     The ALJ gave Dr. Robinson and Dr. Comrie's opinions little weight.  Tr. 24.  As

ORDER - 18

Dr. Robinson and Dr. Comrie are non-examining sources, the ALJ must consider the opinions and whether they are consistent with other independent evidence in the record. *See* 20 C.F.R. § 416.927(b),(c)(1); *Tonapetyan,* 242 F.3d at 1149; *Lester*, 81 F.3d at 830-31.

As the case is being remanded to reconsider the severity of Plaintiff's impairments at step two, the ALJ is also instructed to reconsider Dr. Comrie and Dr. Robinson's opinions and incorporate the opinions into his findings, or give reasons supported by substantial evidence, to reject the opinions.

**C. Plaintiff's Symptom Claims**

Plaintiff faults the ALJ for failing to rely on reasons that were clear and convincing in discrediting his symptom claims. ECF No. 17 at 13-14. An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16–3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted). "The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [claimant] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

1    Second, "[i]f the claimant meets the first test and there is no evidence of

2    malingering, the ALJ can only reject the claimant's testimony about the severity of

3    the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

4    rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

5    omitted).  General findings are insufficient; rather, the ALJ must identify what

6    symptom claims are being discounted and what evidence undermines these claims.

7    *Id*. (quoting *Lester*, 81 F.3d at 834; *Thomas,* 278 F.3d at 958 (requiring the ALJ to

8    sufficiently explain why it discounted claimant's symptom claims)).  "The clear

9    and convincing [evidence] standard is the most demanding required in Social

10   Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting

11   *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

12       Factors to be considered in evaluating the intensity, persistence, and limiting

13   effects of a claimant's symptoms include: 1) daily activities; 2) the location,

14   duration, frequency, and intensity of pain or other symptoms; 3) factors that

15   precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and

16   side effects of any medication an individual takes or has taken to alleviate pain or

17   other symptoms; 5) treatment, other than medication, an individual receives or has

18   received for relief of pain or other symptoms; 6) any measures other than treatment

19   an individual uses or has used to relieve pain or other symptoms; and 7) any other

20   factors concerning an individual's functional limitations and restrictions due to

ORDER - 20

pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. § 416.929(c).  The ALJ is instructed to "consider all of the evidence in an individual's record," to "determine how symptoms limit ability to perform work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the evidence.  Tr. 21.  As the case is being remanded for the ALJ to reconsider the step two analysis and the medical opinion evidence, this reevaluation must necessarily entail a reassessment of Plaintiff's subjective symptom claims, particularly related to his mental health symptoms.  Thus, the Court need not reach this issue and on remand the ALJ must also carefully reevaluate Plaintiff's symptom claims in the context of the entire record.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

**D. Step Five**

Plaintiff contends the ALJ's step five findings were based on an improper RFC formulation and that the RFC should have contained limitations related to Plaintiff's inability to maintain productivity and pace and need for additional

breaks and days off.  ECF No. 17 at 15-19.  Based on this premise, Plaintiff also

argues the ALJ should have found Plaintiff disabled at step five.  *Id.* at 16.  As the

case is being remanded for the reasons discussed *supra,* the ALJ is also instructed

to perform the five-step analysis anew, including reevaluating Plaintiff's ability to

perform other work at step five.

**E.  Remedy**

Plaintiff urges this Court to remand for an immediate award of benefits.

ECF No. 17 at 19.

"The decision whether to remand a case for additional evidence, or simply to

award benefits is within the discretion of the court."  *Sprague v. Bowen*, 812 F.2d

1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)).

When the Court reverses an ALJ's decision for error, the Court "ordinarily must

remand to the agency for further proceedings."  *Leon v. Berryhill*, 880 F.3d 1041,

1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the

proper course, except in rare circumstances, is to remand to the agency for

additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*,

775 F.3d 1090, 1099 (9th Cir. 2014).  However, in a number of Social Security

cases, the Ninth Circuit has "stated or implied that it would be an abuse of

discretion for a district court not to remand for an award of benefits" when three

conditions are met.  *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)

ORDER - 22

(citations omitted).  Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).  Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled."  *Garrison*, 759 F.3d at 1021.

The Court finds further proceedings are necessary to develop the record, including the need to take testimony from Plaintiff and a psychological expert to assist in determining the severity of Plaintiff's mental health symptoms.  As such, the case is remanded for further proceedings consistent with this Order.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. The District Court Executive is directed to substitute Kilolo Kijakazi as Defendant and update the docket sheet.

ORDER - 23

2. Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**.

3. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

4. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED October 4, 2021.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 24